IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **DIMITAR PETLECHKOV,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**FEDEX CORPORATION and** )<br>**MERRICK B. GARLAND,** )<br>)<br>Defendants. ) | No. 2:23-cv-2073-JTF-atc |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET;**
**DISMISSING COMPLAINT WITH PREJUDICE (ECF NO. 1);**
**DENYING LEAVE TO AMEND;**
**DENYING ALL PENDING MOTIONS (ECF NOS. 4, 5 & 12);**
**CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;**
**NOTIFYING PETLECHKOV OF THE APPELLATE FILING FEE;**
**RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER**
**28 U.S.C. §1915(g);**
**AND DISMISSING CASE**

Before the Court are: (1) *pro se* Plaintiff Dimitar Petlechkov's complaint purporting to invoke federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(2) and 1367(a) to assert a state law claim of unjust enrichment against Defendants FedEx Corporation ("FedEx") and United States Attorney General Merrick B. Garland ("Garland") (ECF No. 1); (2) Petlechkov's motion to issue summonses to FedEx and Garland (ECF No. 4 ("Summons Motion")); (3) Petlechkov's motion for preliminary injunction (ECF No. 5 ("Injunction Motion")); and (4) Petlechkov's Motion to Dismiss Garland as a Defendant (ECF No. 12).

For the reasons explained below, the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; (2) leave to amend is **DENIED**; and (3) all pending motions (ECF Nos. 4, 5 & 12) are **DENIED**.

I.      BACKGROUND

Petlechkov alleges that, when he filed the complaint on February 13, 2023, he was a citizen and resident of the Republic of Bulgaria. (ECF No. 1, 1.) Petlechkov's complaint seeks injunctive relief to: (1) enjoin Garland from enforcing the restitution order for $801,219.02 ("Restitution Amount") entered on July 7, 2020 against Petlechkov and in favor of FedEx Corporation ("Restitution Order") in *United States v. Petlechkov*, No. 17-cr-20344 (W.D. Tenn.) ("Criminal Case")[1] (ECF Nos. 243-45); (2) compel Garland "to return any property which was seized from the [P]laintiff in the collection and satisfaction of the [R]estitution [O]rder"; and (3) compel FedEx to "forward … any payment or disbursement connected to the underlying restitution judgment … to [P]laintiff." (ECF No. 1, 4.)

On February 13, 2023, Petlechkov filed: (1) the Summons Motion to issue summonses to FedEx and Garland (ECF No. 4); and (2) the Injunction Motion to enjoin Garland "from further restitution collection and to prevent unjust enrichment at the hands of FedEx." (ECF No. 5, 1.)

On March 21, 2023, the Court granted leave to proceed *in forma pauperis*. (ECF No. 11.)

On September 5, 2023, Petlechkov filed a motion to voluntarily dismiss Garland as a Defendant. (ECF No. 13.)

This case was docketed under Nature of Suit Code 440. According to the Civil Nature of Suit Code Descriptions, 440 applies to "Other Civil Rights" claims excluding claims against corrections officials and relates to an "[a]ction alleging a civil rights violation other than the specific civil rights categories listed below or a violation related to prison." Upon review of the complaint, the Court has determined that a more appropriate Nature of Suit Code for this case is

---

[1] In the Criminal Case, the United States charged Petlechkov with twenty counts of mail fraud, arising from Petlechkov's roughly five-year scheme to obtain high-volume shipper rates from FedEx to then offer shipping services to third parties and pocket the profit margin ("Scheme"). *See United States v. Petlechkov*, No. 21-5174/5199, 2022 WL 168651, at *1, *4 (6th Cir. Jan. 19, 2022)

540 which involves an action by a prisoner, "whether or not it relates to his confinement." Petlechkov's claims relate to the Restitution Order in the Criminal Case. (*See* ECF No. 1 at PageID 1-2.) The Clerk is **DIRECTED** to modify the docket and change the Nature of Suit for this lawsuit from 440 Civil Rights Other to Nature of Suit Code 540 Mandamus & Other.

## II.     LEGAL STANDARD

Pursuant to Local Rule 4.1(b)(2), "[i]f a *pro se* plaintiff who is not a prisoner is proceeding *in forma pauperis*, the Clerk will issue summonses only if directed to do so by the Court following screening pursuant to 28 U.S.C. § 1915(e)(2)(B)." Petlechkov is proceeding *in forma pauperis* with leave of Court in this case. (ECF No. 11.) Petlechkov's complaint had not yet been screened when he filed the Summons Motion. (ECF No. 4.)

Pursuant to 28 U.S.C. § 1915A(b), district courts screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681. All legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief", and Rule 8 also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   ANALYSIS

Petlechkov contends that, at his July 7, 2020 sentencing hearing in the Criminal Case, FedEx Corporation was mistakenly classified in the Restitution Order as the victim of the Scheme. (ECF No. 1, 2-3.) Petlechkov argues that "multiple FedEx witnesses testified under oath and provided sworn affidavits [in the Criminal Case] that any losses that may have occurred as a result of the [Scheme] were suffered by Federal Express Corporation and FedEx Ground Package System, Inc., not FedEx Corporation." (*Id*. at 2.) Petlechkov alleges that "FedEx Corporation booked no revenue or loss from the transportation of any of the underlying packages at issue here." (*Id*. at 3 (claiming that "FedEx Corporation did not touch a single package for which losses were claimed in the underlying litigation").) Petlechkov has not yet paid the Restitution Amount. (*Id.* at 3-4.)

Petlechkov's complaint, which seeks solely injunctive relief, effectively asks this Court to alter the terms of the Restitution Order in the Criminal Case by enjoining Garland from carrying out the Restitution Order's terms. (*See id*. at 4.) Petlechkov's effort is not well taken.

"Civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).[2] Under *Heck*, if a civil judgment implies the invalidity of a criminal conviction or sentence, a cause of action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id*. at 486-87. *Heck* bars Petlechkov's unjust enrichment claim (ECF No. 1, 3-4) in this civil case.

Petlechkov's complaint seeks injunctive relief to enjoin Garland's "enforcement or collection of the restitution judgment." (*Id.* at 4.) Petlechkov's Summons Motion seeks identical relief. (ECF No. 5, 1 (seeking "a preliminary injunction to enjoin the Attorney General from restitution collection effort activities")). "There is no dispute that the [complaint] at issue challenges criminal forfeiture order[] of criminal proceedings to which [Petlechkov] was a party." *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Petlechkov's complaint does not allege a cognizable claim. "Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that '[t]hese rules govern the procedure in the United States [D]istrict [C]ourts in all suits of a civil nature ....' The [Restitution] [O]rder that [Petlechkov] contests w[as] entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in [Petlechkov's] criminal appeal of his conviction and sentence ... [Petlechkov] cannot challenge the

---

[2] *Accord Munofo v. Alexander*, 47 F. App'x 329, 330-31 (6th Cir. 2002) (citing *Heck* for the principle that civil tort actions are not appropriate vehicles to challenge the validity of criminal judgments); *Tapp v. City of Idaho Falls*, No. 4:20-cv-0476, 2021 WL 5331770, at *1 (D. Idaho June 14, 2021) ("[C]ivil … actions remain inappropriate vehicles to challenge the validity of criminal judgments") (internal citation omitted).

criminal [Restitution] forfeiture [O]rder[] under the Federal Rules of *Civil* Procedure." *Id*. (emphasis in original). The complaint does not allege that Petlechkov's conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87; *see also* ECF No. 1. The complaint's claims are barred by *Heck*.

There are no factual allegations in the complaint warranting a different result. Petlechkov faults "the federal government [for] fail[ing] to object at sentencing to the classification of FedEx Corporation as a victim and fail[ing] to argue that the actual victims, if any, were Federal Express Corporation and FedEx Ground Package System, Inc." (ECF No. 1, 3.) Petlechkov is silent about why he did not raise that issue during the July 7, 2020 sentencing hearing, at which he was present. (*See* Case No. 17-cr-20344, ECF Nos. 243-45.) Petlechkov had an opportunity to challenge the payee's name in the Restitution Order during appellate proceedings before the Sixth Circuit. He did not do so. *See Petlechkov*, 2022 WL 168651, at *1, *4.[3] Further, Petlechkov was found guilty on all counts in the indictment. (*See* Case No. 17-cr-20344, ECF Nos. 62, 64, 130 & 243-45.) He waited over three (3) years to challenge the July 7, 2020 Restitution Order's payee designation, suggesting Petlechkov's bad faith delay.

For these reasons, the complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.

   a. **Amendment Under the PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C.

---

[3] On appeal to the Sixth Circuit, Petlechkov raised five issues, arguing that the District Court erred in: (1) denying his motion for a new trial based on newly discovered evidence; (2) determining the loss amount; (3) determining the restitution amount; (4) denying his motion to vacate the preliminary forfeiture order; and (5) imposing a two-year term of supervised release. The Sixth Circuit affirmed the Restitution Order. *Petlechkov*, 2022 WL 168651, at *1, *4.

§§ 1915(a)-(b). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court **DENIES** leave to amend the complaint (ECF No. 1) because doing so would be futile considering the insurmountable issues detailed above. *See Heck*, 512 U.S. at 486-87.

### b. Appellate Issues

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is **CERTIFIED** that any appeal in this matter by Petlechkov would not be taken in good faith. If Petlechkov nevertheless chooses to file a notice of appeal, he must either (1) pay the entire $505 appellate filing fee or, if he is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

## IV.  CONCLUSION

For the reasons explained above:

A. The complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

B. Leave to amend the complaint is **DENIED**.

C. Because this Order dismisses the complaint (ECF No. 1) with prejudice, the Summons Motion (ECF No. 4), the Injunction Motion (ECF No. 5), and the Motion to Dismiss (ECF No. 12) are **DENIED**.

D. For 28 U.S.C. § 1915(g) analysis of Petlechkov's future filings, if any, and because Petlechkov's complaint is frivolous, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

The Clerk is directed to mark this case **CLOSED**.

**IT IS SO ORDERED**, this 11th day of September, 2023.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
